**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID FINNEY, an individual | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-CV- 615 |
| | ) | |
| v. | ) | |
| | ) | Judge |
| FFE TRANSPORTATION SERVICES, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

Plaintiff, David Finney, through his legal counsel, Laduzinsky & Schoop, P.C., brings this Complaint against Defendant, FFE Transportation Services, Inc., and for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to retain redress for himself, complains as follows:

### PARTIES

1.     Plaintiff, David Finney ("Finney"), is and at all relevant times has been a citizen of Illinois and was employed at FFE Transportation Services, Inc. at their 16100 103rd St., Lemont, Illinois 60439 facility.

2.     Defendant, FFE Transportation Services Inc. ("FFE") is a Delaware corporation with its headquarters and principal place of business in Lancaster, Texas located in Dallas County. FFE conducts business throughout the Northern District of Illinois.

## JURISDICTION AND VENUE

3.      Federal subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4.      Venue is proper within this judicial district pursuant to 28 U.S.C § 1391 because the events giving rise to this clam occurred in this District.

## INTRODUCTION

5.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. Collectively, biometric identifiers and biometric information are identified as "biometrics." 740 ILCS 14/10.

6.      FFE is the largest nationwide asset-based temperature-controlled LTL transportation and warehousing provider offering services in over 15 different geographic locations spanning across 14 states.

7.      FFE requires, or has required in the past, truck drivers who transport product on behalf of FFE, including Plaintiff, to provide their biometric identifiers, in the form of fingerprints and related biometric information, to identify and record when employees commence and conclude their scheduled work shifts.  In short, biometric scanners are used as a time clock to track and record when employees start and end their work shifts.

8.      BIPA provides, among other things, that a private entity, such as FFE, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless it first:

2

a.      informs that person in writing that biometric identifiers or biometric information will be collected or stored;

b.      informs that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

c.      receives a written release from the person for the collection of their biometric identifiers or biometric information.

740CS 14/15(b)(1)-(3).

9.      BIPA also requires private entities in possession of biometric information to develop a publicly-available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 740 ILCS 14/15(a).

10.      Private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c) & (d).

11.      Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and, therefore, once compromised, such individual has no recourse, is at a heightened risk of identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

3

12. Plaintiff brings this action for statutory damages and other remedies as a result of FFE's collective and respective conduct in violating his biometric privacy rights under BIPA.

13. Compliance with BIPA is straightforward and minimally burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper.

14. BIPA's requirements bestow a statutory right of privacy in biometrics and a right to make an informed decision when individuals are electing whether to provide or withhold their biometrics.

15. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois General Assembly sought to prevent.

16. Plaintiff seeks an award of statutory and monetary damages to be determined at trial, together with reasonable attorneys' fees and costs.

## FACTUAL ALLEGATIONS

17. At all relevant times, FFE employed Plaintiff as a truck driver.

18. Plaintiff's employment with FFE was for local transportation within the state of Illinois.

19. Through this role as a truck driver, Plaintiff would begin and end his scheduled work shift by scanning his biometric identifiers and/or biometric information into a Kronos biometrically-enabled security and identity verification devices and associated technology, referred to herein as the Biometric System.

20. FFE only required truck drivers making local transportation deliveries, such as Plaintiff, to use the Biometric System.

4

21. Using the Biometric System, FFE collected, captured, stored, and otherwise obtained biometric identifiers and associated biometric information from Plaintiff and other local truck drivers when they commenced or concluded their work shift.

22. Although FFE collected, captured and stored biometric identifiers and biometric information, it failed to provide any written disclosures describing the purpose and duration of such use, it failed to make publicly available any retention or destruction policies, and it failed to obtain informed written consent from its local truck drivers, including Plaintiff.

23. FFE further failed to obtain informed consent from Plaintiff or other truck drivers before dissemination their biometric information to any of its technology vendors in violation of BIPA.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

24. Plaintiff reasserts and realleges paragraphs 1 through 23 of Plaintiff's Complaint as paragraph 24 of Count I of Plaintiff's Complaint as though fully set forth herein.

25. BIPA section 10 defines a "private entity" to mean any individual, partnership, corporation, limited liability company, association, or other group, however organized.

26. FFE is a private entity under BIPA.

27. FFE collects, captures, receives through trade, or otherwise obtains Plaintiff's biometric identifiers and/or biometric information through its Kronos Biometric System.

28. BIPA section 15(a) requires a private entity to in possession of biometric identifiers or biometric information to develop a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the

5

initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity. 740 ILCS 14/15(a)

29.     In violation of 740 ILCS 14/15(a), FFE failed to develop a written policy establishing a retention schedule and guidelines for destroying biometric identifiers and biometric information.

30.     BIPA section 15(b) requires that:

No private entity may collect, capture, purchase, or receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b)(1)-(3)

31.     In violation of 740 ILCS 14/15(b)(1), FFE failed to inform Plaintiff that his biometric identifiers or biometric information were being collected or stored prior to such collection or storage.

32.     In violation of 740 ILCS 14/15(b)(2), FFE failed to inform Plaintiff of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored and used prior to such collection, storage or use.

33.     In violation of 740 ILCS 14/15(b)(3), FFE failed to obtain informed written consent, and thus failed to receive a written release, from Plaintiff prior to collecting, capturing,

6

receiving through trade, or otherwise obtaining their biometric identifiers and/or biometric information.

34.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA.

35.     FFE's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, FFE negligently failed to comply with BIPA in the course of its conduct, or omissions, as set forth herein.

WHEREFORE, Plaintiff, David Finney, respectfully requests this Honorable Court enter judgment in his favor against Defendant, FFE Transportation Services, Inc., and enter an Order: (a) declaring that Defendant's actions, as set forth herein, violate BIPA; (b) awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1); (c) awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3); (d) awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3); (e) awarding pre- and post-judgment interest, as allowable by law; and (f) awarding such further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests trial by jury of all claims that be so tried.


Dated: January 20, 2026


Respectfully submitted,

PLAINTIFF DAVID FINNEY

By: /s/ *Devlin Joseph Schoop*
Counsel for Plaintiff

Devlin Joseph Schoop
**Laduzinsky & Schoop, P.C.**
1327 W. Washington Boulevard, Suite 5G-H
Chicago, Illinois 60607
(312) 424-0700
dschoop@laduzinsky.com